E-FILED
Tuesday, 03 November, 2026 02:30:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| SEBRON FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4116 |
| | ) | |
| DULCE QUINTERO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff is detained at Rushville Treatment and Detention Facility ("TDF"). He alleges that Defendants Posey, Gregory, and Reishe work at the facility as the Assistant Facility Director, Security Director, and Property Administrator, respectively. He also named as defendants Dulce Quintero, the Director of the Illinois Department of Human Services, and Sara Coleman, the Assistant DHS Director.

Plaintiff alleges that "the physical structure of and layout of the TDF creates a punitive like environment that is counter-therapeutic and inappropriate for the treatment-based nature of Plaintiff's civil confinement." (Doc. 1 at 6) (cleaned up). Plaintiff alleges that TDF officials confiscate personal property during cell shakedowns and subject residents to strip searches before and after trips outside the facility and during cell shakedowns, despite other available tools to discover contraband.

Plaintiff alleges that residents are taken to restrictive housing when officials deem their actions "threatening," and that the initial confinement therein entails the temporary lack of access to personal property and, occasionally, bedding and non-state-issued clothing. Plaintiff alleges that residents so housed see a nurse shortly after arriving in restrictive housing and a therapist if needed. Plaintiff alleges that residents remain so housed until their hearing before the Behavioral Committee. Plaintiff alleges generally that TDF officials subject residents to beatings and other abuse. Plaintiff alleges there is no watchdog agency with oversight of the TDF.

## DISCUSSION

The Fourteenth Amendment requires that the conditions and duration of Plaintiff's confinement bear some reasonable relationship to the reasons for same. *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003). Although a detainee is arguably entitled to more considerable treatment than a convicted prisoner and may not be subjected to punishment, restrictions imposed on a detainee do not violate the Constitution if they are rationally related to legitimate institutional objectives, absent an express intent to punish. *Bell v. Wolfish*, 441 U.S. 520, 538-9 (1979). Thus, the Seventh Circuit held in *Allison* that prison-like conditions or other measures designed to promote safety and security imposed on a person confined pursuant to the SVP Act, without more, did not amount to unconstitutional punishment. 332 F.3d at 1079. Any right to the "least restrictive manner" of confinement the SVP Act creates arises under state law, the violation of which does not create a federally enforceable right. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit."); *Allison*, 332 F.3d at 1079 (the federal constitution does not "permit a federal court to enforce state laws directly.").

Plaintiff's allegations that TDF officials require security measures normally attendant to prisons do not state a claim for relief. Plaintiff provides no specific allegations permitting a plausible inference that any cell searches, strip searches, or uses of force to which he was subjected were conducted in a manner that violated his constitutional rights. His allegations that those housed in restrictive housing see a nurse and therapist before receiving a hearing do not permit a plausible inference that TDF officials have denied access to medical or mental health care or failed to provide sufficient process for any disciplinary hearings. *See Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (individuals facing disciplinary segregation are entitled to

"informal due process" that requires only: "(1) notice of the reasons for the inmate's placement in segregation and (2) an opportunity to present his views, for instance, in a written statement or at a hearing."). Plaintiff may be able to state a claim, but he has not provided enough information.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [5] is DENIED with leave to renew.**

**3) Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 3rd day of November, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE